# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CALVIN MERRITTE # R53322** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | CIVIL CASE NO. 12-cv-738-GPM |
| ) | |
| **BRINKMAN, L. SCHNEIDER, JANE** ) | |
| **DOE 1, JANE DOE 2, JOHN DOE 1,** ) | |
| **JOHN DOE 2, P. POTTS, and STATE** ) | |
| **OF ILLINOIS,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Calvin Merritte, currently incarcerated at Lawrence Correctional Center in Sumner, Illinois, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 and Illinois tort law. Merritte claims that defendants interfered with medical treatment prescribed after he re-injured an ankle while playing basketball on July 5, 2011. The injury was initially treated with a cold pack, medication, an ace wrap, and instructions for care. Within four days, Merritte was directed to return the crutches to the prison's health care unit. This decision was initially made by correctional officer Brinkman, who observed Merritte and substituted his judgment about the nature of the injury for that of a medical professional. Nurse L. Schneider joined the decision to confiscate the crutches, based solely on Brinkman's observations. In joining Brinkman's view, Schneider ignored Merritte's remarks and obvious symptoms which alerted Schneider (and would have alerted a person having no medical training) to Merritte's medical need for crutches to avoid aggravation of his ankle injury.

Upset with the decision, Merritte contemplated filing a grievance. To this end, he attempted to ascertain Schneider's identity. Schneider refused to identify herself, threatened to initiate disciplinary action, and made an inaccurate entry in Merritte's medical records suggesting that he had voluntarily returned the crutches. Despite Merritte's efforts to manage his ankle injury without crutches, the injury persisted and intensified.

Merritte sought more treatment for his ankle injury on July 18, 2011. He showed Nurse Jane Doe 1 his swollen ankle and she further observed that his shoes were untied. Merritte renewed his request for crutches, which was rejected. Nurse Jane Doe 1 failed to perform a complete physical examination, failed to issue a low bunk permit, and failed to refer Merritte to a medical doctor. At Merritte's request, she ordered an x-ray.

Merritte sought more treatment for his ankle injury on July 27, 2011. Nurse Jane Doe 2 heard his complaints of persistent and intense injury and referred him to a medical doctor. She ordered, among other things, no gym/yard and a low bunk permit.

Between July 27 and August 2 or 3, 2011, Merritte did not receive a low bunk assignment. He attributes the delay to correctional officer John Doe 1, assigned to placement personnel.

At some point, Merritte sought more treatment for his ankle injury. He was seen by Jane Doe 2, who provided pain medications. The medications were an inexpensive but ineffective form of treatment.

Merritte was transferred to Graham Correctional Center on August 17, 2011. Two days later, defendant correctional officer John Doe 2 confiscated plaintiff's ace wrap as contraband. Merritte was transferred to Lawrence Correctional Center on November 22, 2011. He was seen by Nurse P.

Potts, who provided pain medications. The medications were an inexpensive but ineffective form of treatment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court applies the same standard under § 1915A as when deciding a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In order to state an Eighth Amendment claim in a case involving medical care, plaintiff must show two things: that he had a serious medical need and that each defendant was deliberately indifferent to it. A difference of opinion regarding the way in which a medical condition is to be treated does not give rise to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Garvin v. Armstrong*, 236 F.3d 896 (7th Cir. 2001). Deliberate indifference may be inferred when a medical professional makes a treatment decision that is so far afield of accepted professional standards as to demonstrate that the decision was not based on the exercise of medical judgment. *Duckworth v. Ahmed*, 532 F.3d 675, 679 (7th Cir. 2008).

**Disposition**

Accepting Merritte's allegations as true, the Court finds that he has articulated a colorable federal cause of action:

**Count 1**: Against Nurse L. Schneider and correctional officer Brinkman for deliberate indifference to a serious need for treatment of an ankle injury in violation of the Eighth Amendment's proscription against cruel and unusual punishment.

The Court has considered the conduct attributed to Nurse Jane Doe 1, Nurse Jane Doe 2, correctional officer John Doe 1, Jane Doe 2, correctional officer John Doe 2, and Nurse P. Potts and finds that the facts do not plausibly satisfy the objective and subjective elements of an Eighth Amendment claim. Absent are facts suggesting that these defendants actually knew about a serious medical

treatment need and responded in a culpable way amounting to deliberate indifference. The claims against Nurse Jane Doe 1, Nurse Jane Doe 2, correctional officer John Doe 1, Jane Doe 2, correctional officer John Doe 2, and Nurse P. Potts are DISMISSED without prejudice.

The Court has also considered allegations against Nurse L. Schneider and finds that the facts do not plausibly suggest an Illinois state law claim for intentional infliction of emotional distress. The Court has also considered allegations of medical negligence against the State of Illinois. These state law claims are not colorable in any Court other than the Illinois Court of Claims due to the doctrine of sovereign immunity. *See Currie v. Lao*, 148 Ill. 2d 151 (Ill. 1992); *Turner v. Miller*, 301 F.3d 599 (7th Cir. 2002). These claims are DISMISSED without prejudice to Merritte's right to pursue them in the Illinois Court of Claims.

The Clerk of Court shall prepare for defendants Nurse L. Schneider and correctional officer Brinkman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the

forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security

for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 16, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge